

# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

**ELECTRONICALLY FILED**
October 25, 2022 12:21 PM
**PAVAN PARIKH**
Clerk of Courts
Hamilton County, Ohio
CONFIRMATION 1246175

**HEALTHCARE FACILITY MANAGEMENT LLC DBA COMMUNICARE**

vs.

**ARMAN CANDELARIA**

A 2203877

FILING TYPE: INITIAL FILING (IN COUNTY) WITH NO JURY DEMAND

PAGES FILED: 10

EFR200

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | |
|---|---|
| **HealthCare Facility Management LLC dba CommuniCare Family of Companies**<br>4700 Ashwood Drive Suite 200,<br>Cincinnati, OH 45241<br><br>Plaintiff,<br><br>v.<br><br>**Arman Candelaria,**<br>628 Wood Dale Terrace, Apt. 2008,<br>Greenwood, Indiana 46142.<br><br>Defendant. | Case No.<br><br>JUDGE |

## COMPLAINT

For its Complaint against Arman Candelaria, HealthCare Facility Management LLC dba CommuniCare Family of Companies ("CFC") states as follows:

### THE PARTIES

1. Arman Candelaria is an individual who resides at 628 Wood Dale Terrace, Apt. 2008, Greenwood, Indiana 46142.

2. CFC is a limited liability company organized under the laws of Ohio and with its principle place of business in Cincinnati, Ohio.

3. Venue and jurisdiction are proper in this Court.

### COUNT I
### (Breach of Contract)

4. CFC incorporates by reference as if fully rewritten herein each and every allegation set forth in preceding paragraphs of the Counterclaim.

5. On or about May 9, 2022, CFC and Defendant entered into a valid and enforceable contract for Defendant to provide certain services as a Registered Nurse at assisted living facilities owned and operated by CFC (the "Contract"). A true and accurate copy of the Contract is attached hereto as **Exhibit A**.

6. Pursuant to the Contract, CFC agreed to pay Defendant an hourly wage in addition to advancing payment of all costs related to visa, immigration, and relocation of Defendant to the United States.

7. CFC paid in excess of $50,000 for Defendant's visa, immigration, and relocation costs so that Defendant could legally relocate to and work in the United States("Immigration Costs").

8. Pursuant to the Contract, Defendant agreed to work for CFC for three (3) years to repay the Immigration Costs.

9. Under the Contract, if Defendant failed to work for CFC for three (3) years, then Defendant was required to repay CFC the advancement of the Immigration Costs.

10. On or around June 15, 2022, Defendant began working in the United States at a CFC medical facility at $32.00 an hour.

11. Defendant was paid for all hours he worked in accordance with the terms of his Contract.

12. On or around August 25, 2022, Defendant abruptly quit and resigned from his position with CFC.

13. As Defendant failed to work the thirty-six (36) months required to achieve total debt forgiveness of the Immigration Costs, Defendant now owes CFC for those costs.

14. Defendant failed to remit the Immigration Costs to CFC, which were due and owing upon his resignation.

15. Despite CFC's demands, Defendant has failed to remit final payment under the Contract that is due and owing to CFC.

16. CFC has performed all of its obligations and duties under the Contract and has satisfied any conditions precedent to bringing this action or else they have been waived or excused.

17. As a result of Defendant's breach of his obligations and duties under the Contract, CFC has suffered, will continue to suffer, and is entitled to damages in excess of $50,000.00, as well as for attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT II
### (Unjust Enrichment/Quantum Meruit)

18. CFC incorporates by reference as if fully rewritten herein each and every allegation set forth in preceding paragraphs of the Complaint.

19. Defendant received the benefit of CFC's advancement of the Immigration Costs and has been enriched by said benefits to the detriment of CFC due to Defendant's failure, refusal, and/or neglect to compensate CFC for said costs.

20. It is unjust for Defendant to retain the benefit of CFC's cash advancement without providing CFC with any compensation for the same.

21. CFC is entitled to payment for the cash advancement it has provided to Defendant in excess of $50,000.00 plus costs and interest but for which CFC has not received compensation under the doctrines of unjust enrichment and quantum meruit.

## COUNT III
### (Fraud)

22. CFC incorporates by reference as if fully rewritten herein each and every allegation set forth in preceding paragraphs of the Complaint.

23. Defendant represented to CFC that it intended to repay cash advancements CFC was providing him to cover his legal and administrative costs related to relocating to the United States.

24. Unbeknownst to CFC, however, Defendant never intended to repay the legal and administrative costs advanced to him by CFC.

25. Instead, Defendant stole, converted, and/or misappropriated the money CFC provided Defendant to pay for immigration and relocation costs.

26. Defendant knew, however, that CFC would have refused to continue funding his efforts to relocate to and obtain a work visa in the United State had CFC discovered that Defendant would not repay those cost advancements.

27. To ensure that payments continued to flow from CFC, Defendant falsely represented that he would repay all such cash advancements.

28. Upon information and belief, Defendant made those misrepresentations which he knew to be false, in order to induce CFC to continue its business relationship with Defendant and to continue paying for his relocation costs.

29. The false misrepresentations were both material to the transaction and knowingly false with the intent of misleading and inducing CFC into making payments to Defendant and continuing the business relationship.

30. CFC justifiably relied on the false statements and this reliance caused damages to CFC.

31. Indeed, but for Defendant's fraudulent activities and false statements, CFC would have terminated its relationship with Defendant, and therefore, denied Defendant the financial gains that it fraudulently and purposefully obtained.

32. Through Defendant's wrongful and fraudulent conduct, CFC was induced to continue its obligations under the Contract when it would not otherwise have done so.

33.     Indeed, through the Defendant's fraudulent scheme, Defendant obtained over $50,000.00 in payments from CFC.

34.     As a direct and proximate result of CFC's justifiable reliance, CFC has incurred compensatory damages in excess of $50,000.00 to be more fully proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, CFC requests the Court enter judgment in its favor against Defendant as follows:

(1)     Compensatory damages in an amount in excess of $50,000.00 for Defendant's breach of contract;

(2)     Compensatory damages in excess of $50,000.00 for Defendant's fraudulent conduct, as well as punitive damages and CFC's attorney fees, costs and expenses;

(3)     Appropriate attorney's fees, litigation expenses and other costs associated with the suit; and

(4)     Such other relief as the Court deems just and proper.


Dated: October 24, 2022                    Respectfully submitted,

*/s/ Jonathon Korinko*
Jonathon Korinko, Esq. (0088407)
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
(216) 363-4500 Telephone
(216) 363-4588 Telefax
E-Mail: jkorinko@beneschlaw.com

*Counsel for Plaintiff HealthCare Facility Management LLC dba CommuniCare Family of Companies*

# Exhibit A

DocuSign Envelope ID: 82AFF2D4-9191-4128-AFDC-8B4D8F0B008B



05/09/2022

Arman A. Candelaria

c/o WorldWide HealthStaff Solutions Ltd.
9101 Kings Parade Blvd., Suite 201
Charlotte, North Carolina 28273

Dear Arman A. Candelaria,

It is with pleasure that we confirm your conditional offer of employment with the CommuniCare Family of Companies, whose corporate offices are located in 4700 Ashwood Drive Suite 200, Cincinnati, OH 45241. This offer is conditioned upon you successfully completing any and all required background checks, tests, examinations, credential evaluations and reviews, qualifying for, and receiving the necessary professional license(s) to practice in the appropriate jurisdiction(s) in the United States of America and successfully receiving approval of work authorization status by the appropriate US agency. The position offered is titled Registered Nurse ("RN"). Your initial base rate of pay shall be $32.00USD per hour. It is possible (although not guaranteed) that by your arrival in the United States of America, this $32.00USD per hour will have increased either due to an across the board hourly wage increase, or, due to the specifics of your placement geography and adjustments for cost of living.

This rate of pay does not include any adjustments for shift differential (Evenings, nights, weekends, or holidays) where there may be additional compensation. You will be paid bi-weekly in accordance with the CommuniCare payroll practices and schedules. Healthcare Facility Management, LLC is an entity of Communicare family of companies.

1. **Employment At-Will.**

    The terms, conditions and statements contained in this letter are not intended to form, and should not be construed as forming, a contract of employment, but are merely intended to clarify the details of the CommuniCare conditional offer of employment. Employment at CommuniCare shall be on an at will basis. Moreover, no statements, whether made orally during discussions of this employment opportunity, or in this letter, or elsewhere are intended to alter, nor should they be considered as altering the at will nature of your employment relationship with CommuniCare.

2. **Facility Placement**

    You will be assigned to CommuniCare in <u>Assigned to: SouthPointe Healthcare Center, Indianapolis, IN</u>

DocuSign Envelope ID: 82AFF2D4-9191-4128-AFDC-8B4D8F0B008B

**3. Other Remuneration.**
You are being offered conditional relocation assistance in the form of a paid airline ticket from the international airport nearest to your home location to the employer's location. The airline ticket will be provided to you by our recruitment agent, WorldWide HealthStaff Solutions Ltd. Our Offer also includes an equivalent cash allowance of $1,000.

**4. Contingent Offer.**
As with all prospective CommuniCare employees, this offer is contingent upon you meeting all the requirements of employment, including issuance of appropriate visas and/or work permits, receipt of an appropriate license to practice in <u>Indiana</u>. receipt of satisfactory references, a satisfactory background investigation, and successfully passing a drug screening prior to beginning employment. The period of time necessary to complete the visa process varies. Our local representative will keep you advised of the progress. During this period, you must cooperate at all times with all reasonable requests by CommuniCare by providing information required by the authorities for obtaining a visa, including a medical examination for that process. Any contingency not met or failure on your part to cooperate with the required licensure and visa application process may invalidate this offer of employment in its entirety.

**5. Work Start Date and Travel Notice.**
You will be given at least four (4) weeks advance notice of travel dates to the United States prior to the start of your employment.

**6. General Employment Policies.**

A. Consistent with CommuniCare employment policies, your first 90 days of employment will be considered an introductory period, at the end of which your performance will be evaluated. A probationary period does not guarantee employment withthe company for any specific length of time. An additional evaluation will be conducted each year of your employment.
B. All new employees of CommuniCare must attend an orientation program during the first week of employment. You will receive notification of the date and time you areexpected to attend orientation and begin employment.
C. As a condition of employment, you agree to abide by CommuniCare policies and procedures.

**7. Customary Expenses for Visa Processing and Arrival at Your Facility of Placement.**
CommuniCare, through its Recruitment Agent World Wide HealthStaff Solutions Ltd,. will advance the cost of your National Visa Center Fee Bill when it is payable and reimbursement of the cost of your Visa Screen Certificate upon your commencement of employment with CommuniCare.

In no event will CommuniCare pay the visa fee, medical examination fee, attorney fee, or any other immigration expense for a spouse or dependents, nor make an advance for the payment of the costs of transportation and housing of any family members who may travel with you (either long distance or local) or pay for normal living expenses of your family members in the United States.

No CommuniCare representative, agency, or related party may ask you for any payments, fees, processing costs, gratuities, or gifts for assisting you in gaining a position at CommuniCare. If you are asked for any payments other than specified in this letter, you should ask for an explanation in writing and report any requests to CommuniCare immediately so that any misunderstanding can be corrected as soon as possible.

8. **The Expenses that CommuniCare May Advance**

    CommuniCare intends to make advance payments in the amount of approximately $16,000.00 USD on your behalf for expenses related to immigration, including certain filing fees, recruitment/agency fees, legal costs and temporary housing. These amounts exclude any labor certification costs mandated to be paid for by the employer/sponsor as such costs will be borne exclusively by CommuniCare.

    These expenditures may include items discussed in paragraph 7 above. Upon your request, CommuniCare will provide you with a detailed listing of the expenses incurred on your behalf that are subject to the repayment agreement. Such expenses are considered advancements eligible to be forgiven over a period of employment as outlined below.

9. **How You Repay Us.**

    As described above, in the paragraph numbers 3, 7 & 8, certain costs incurred by CommuniCare on your behalf are considered advancements and relocation assistance eligible to be forgiven over a period of continued employment subject to certain conditions. You do not have to pay back the advance if you remain an employee of CommuniCare, comply with all CommuniCare policies, and meet work performance expectations for a period of thirty-six (36) months after the commencement of employment as a R.N. These advancements and relocation assistance will be forgiven over a period of thirty-six (36) months, at a rate of 1/36th for each month's service at CommuniCare. Federal, state and local taxing authorities may consider the forgiveness of these advancements and relocation assistance to be income subject to taxation. CommuniCare will act in accordance with those taxing authorities and apply any taxes required by the authorities. By accepting employment with CommuniCare, you agree to repay CommuniCare the initial incentive payment together with any balance of the advances and relocation assistance should you voluntarily terminate your employment at CommuniCare or should CommuniCare terminate your employment for any reason other than a lay•off or facility closure during the thirty-six (36) month period. If you fail to repay at the time of termination, CommuniCare may pursue restitution through legal channels. You also agree that CommuniCare shall have the right to withhold, offset or retain amounts which may otherwise be due to you as salary, wages or other wise to satisfy any amount due to CommuniCare by you.

DocuSign Envelope ID: 82AFF2D4-9191-4128-AFDC-8B4D8F0B008B

**CONCLUSION.**

CommuniCare values its employees and is committed to making our organization the premier place to work. As part of that commitment, CommuniCare is excited to offer eligible employees a wide selection of benefits such as, medical, dental, life insurance and vacation benefits. These specific benefits and your eligibility for them will also be more fully discussed during your orientation.

We at CommuniCare are proud to have you join our team. If you wish to accept this offer, please sign, date, and return this offer letter to CommuniCare's representative, WorldWide HealthStaff Solutions Ltd. within five (5) calendar days from the date of this offer.

Sincerely,

Sean Haley
Chief People Officer


Acknowledge and Accepted:

_____
Candidate's Signature
Arman Candelaria
May 09, 2022